Case No. 18-5091 Xavier Porter v. U.S.A., argument not to exceed 15 minutes per side. Ms. Chapman, you may proceed for the appellant. Karen Chapman, Court-Appointed Counsel for Petitioner Appellant Xavier Porter. I'd like to reserve three minutes for rebuttal. May it please the Court. The government obtained two concessions that make this an easy case. First, the government acknowledges in its brief at page 35 that Georgia armed robbery can be committed by operating on the victim's fears of injury to property. That alone means that Georgia has applied a statute too broadly for it to count as a violent felony, and Porter's 23-year Armed Career Criminal Act, or ACCA, enhancement is therefore invalid. Second, the government's brief did not contest that the district court should have considered Porter's Johnson challenge to his ACCA enhancement as a request to amend his original, kindly filed 2255 petition. Had the district court done so, it would have concluded that Porter's ACCA argument concerned the same quote occurrence as his original petition and nearly fleshed out a new legal argument. As such, the district court would have had no choice but to vacate the enhancement. As I mentioned in my 28-J letter in January, I will be focusing on the 924E issue. If the court has questions on the 924C issue, I'm happy to answer them, but otherwise, I will rest on the briefs. Mr. Porter's 924E enhancement must be vacated because Georgia has applied its armed robbery statute to conduct that falls outside of the bounds of 924E. First, as the government concedes, at page 35, Georgia has applied its armed robbery statute to crimes involving threats to property. Ms. Chapman, are there any cases you can point to specifically in Georgia where it involved a threat to property? Yes, Your Honor. I would point the court to Maddox, which is a Georgia court of appeals case, which is I saw that, but when I read Maddox, the guy came in with a shotgun. I mean, he was holding a shotgun coming into the store. So it seems to me that is a threat of violence. I mean, when someone sees someone come in with a shotgun, the immediate reaction is fear and apprehension of violence. That may be true, Your Honor, but the facts in Maddox indicate that in that instance, the shop owner had a separate room where he viewed the perpetrator entering through a two-way mirror. The person carrying the weapon was never in immediate physical contact with the store. I'm sorry to interrupt you, Ms. Chapman, and your brief was excellent on this point, but is there anywhere in Maddox itself where the court says that it was a threat against property itself, that that's what they were arresting their holding on, violence against property? I'm sorry. Go ahead. So two things, Your Honor. First, in Maddox, the court does reiterate that sentence that the government itself has cited in other cases, which is that Georgia armed robbery can be triggered by threats, not only to the person, but also to property. The Maddox court does reiterate that standard. And then the Maddox court does discuss the sort of strangeness of the case and that it was never in the physical presence of the person who was actually threatened there. It doesn't go so far as Your Honor described to spell out threat to property, but it's clear from the recitation of that requirement and then the circumstances of that case where, the person with the gun was never in the same physical space as the shop owner that was threatened. I mean, the court itself says that Mr. Adamson, after observing the shotgun, was all too aware about what was about to transpire in his store and to his person. And so, and then it goes on, and I agree with you. They quote the loose language from the long case in 1852 about person or property, but I haven't found a case, and I don't read Maddox as that case, where there's actually been a case that it is to property itself versus the person. So, Your Honor, I would point out that in that language that you just quoted, that the court talks about a threat to the store and then perhaps to his person, that that's true. That language indicates to me that it's not just the threat to him as an individual, but the threat broadly, including to his store. But then I also would say that this court should take the Georgia courts at their word when they have reiterated time and again, as the government itself points out, that threats to property are included in that list of things that trigger the Georgia armed robbery statute. But let me compare that just for a second, and then I'll be quiet. But let me compare it. I know you're not arguing this, but in the Hobbs Act cases, for example, and you didn't point this out, and I'll ask the government about it, but a number of circuits use intangible property as a way to commit, as you know, Hobbs Act robbery. Yet there's no circuit in the country that I've found that has said Hobbs Act robbery is not a crime of violence in spite of that language. So I think loose language has been used a lot in a lot of these cases around the country. And yet none of them that I could find have held that the fact that loose language was used means that it's not a crime of violence. And in fact, Judge Sutton said in Perez, it has to be a reasonable probability. And the way to figure out reasonable probability is if there's actual cases. And I agree with you. Maddox may be the best one I could find as well. So go ahead and I'll stop interrupting. Thank you. No, no problem. I don't disagree, Your Honor, that we're looking for not just the hypothetical possibility. We're looking for the Georgia court actually applying it. And I would say that the combination of the Georgia court reciting that standard and then applying it in an instance where the only thing that was actually threatened directly was the store itself is enough for this court to take the Georgia courts at their word that they've repeated over and over again. And not just loosely, but in multiple Supreme Court cases in Georgia, that property is what the state legislature intended to include among the things that could trigger this Georgia armed robbery statute. Can I ask one more question? I'm sorry. What about the Johnson case that says threat against properties and all? Sorry, the Seventh Circuit case, is that right? Yeah. And the Supreme Court case, right? I think Johnson, maybe I'm wrong. You should correct me. My memory of Johnson, it's been a while since I read it, is a threat to property as well. It said person or property, I thought. Right. But so the inquiry, when we're looking at the categorical approach and so 924, I'm sorry, I understand what your Honor's question. So 924C includes that explicit requirement that it can be threats to property, but 924E, which is what we're talking about now, has different statutory language that removes that or property requirement. So whereas this predicate offense might count under 924C because it includes threats to property, it would still be excluded under 924E. I was going to ask you a question about Maddox. Did you say that in Maddox, the store owner or the person who was there was in another room entirely? That's right. So it was a store where the shop owner had his own separate office, and there was equipped a two-way mirror. He knew that the offender had a gun, right? So he saw through the two-way mirror from a separate room. Someone entered his store with a gun, and then he fled the store and called the cops from a separate location. So he was never in the direct presence of the person with the actual firearm. The only threat that the directly made by the person with the firearm was to the store, not actually to the shop owner himself. But I would think that the decision in that case that you're quoting, you just take them as far as the property person who's in the back room of the store, surely is intimidated by a man coming in the front door with a gun, even though there's a door between it, right? So the inquiry under the categorical approach and 924E, when we're evaluating whether a state court conviction can be a predicate under the federal sentencing scheme, is whether courts have applied their statute to facts that take it outside of the federal scheme. So when we look at the facts of the Maddox case, what we see is that the only thing that was actually threatened directly by the presence of that firearm was the property of the shop owner, but it's the store himself. How can that be so? Because the shop owner fled. He was put in the same state of fear, apprehension, as he would have been had he been in the same room as Mr. Maddox. He was just able, he had another avenue to flee. But other people in many different contexts successfully flee armed robbers, and it doesn't mean it's not, there's not a threat to the person just because they have an avenue of escape. Doesn't that make some degree of sense? So I would point your honor to the discussion in Stokely about the need for there to be like the capability to actually use force, but it's not a discussion of emotional force, that what we're talking about is what was physically threatened. And in this instance where the shop owner was in a separate room, the only thing that was actually physically threatened by the weapon that was brought in was his property that is the store itself. And that plus the Georgia court talking about the fact that its statute applies not only to threats to people, but also to property. Under that scenario, Ms. Chapman, then both our Gloss case and Harris case would have to be wrong because both contemplate a replica or something that can't use force at all. And yet, those are post-Stokeling interpreting that, right? So, no, your honor, I don't think that's the case. I think that it's an open question in front of the Supreme Court about this argument that we've made about the capability being key. But if you look at Justice Thomas's language in- It's not an open question. I'm sorry. I understand that. But it's not an open question in front of us, right? Because Gloss specifically interprets a Tennessee law that provides for a replica. And Harris, I think maybe Michigan law, I may be wrong on that. It might have been New York. But Harris also said, look, toy gun or no gun at all, just the threat would be enough. So, if that's the case, your honor, and I'm not familiar specifically with the Tennessee case law, if it's been applied in the same way that it's been applied in Georgia, then I would say that the fact that this statute criminalizes threats to property is on its own enough for this court to conclude that this falls outside of the bounds of ACCA and that it wouldn't have to rely on that other- Wouldn't we have to accept that Maddox is then a threat to property case? Because I couldn't find anything else, and you haven't pointed to anything else involving Georgia law. Maddox is the best case we found. I see that I'm coming up on the end of my time. But we agree that Maddox is the best case that we've found, combining, as we discussed, the facts of the case and then also the court's repetition of  sites that talk about threats to property being enough. And this court should take the Georgia courts at their word on that point. So, I see that I'm running up- Go ahead. I see that I'm running up against my time. So, I will save the rest of my time for rebuttal. Thank you. Mr. Cushing, you may proceed. Thank you, Your Honor. May it please the court, Terry Cushing for the United States. Your Honor, I want to begin where this case should end, and that's with the statute of limitations. This 924E argument was out of time. The case on which the argument was based, Johnson, was decided on June 26th of 2015 under 2255F3. Porter had one year from that date to make that claim. He didn't make that claim until June 15th- June 6th, I'm sorry. No, June 5th of 2017. Now, so he's well beyond his time limit. My colleague on the other side argues that, well, it relates back to the 924C argument. That is so. Under Miles v. Felix, the relation back has to have to do with the facts of the two claims. And these are based on different facts. They were completely separate counts on which he was convicted. They were based on different subsections of the statute. And most importantly, maybe in this case, they were based on completely different predicates. So the analysis of Hobbs Act robbery under 924C violent crime is a different thing than analyzing Georgia armed robbery under 924E's definition. So it's out of time. So that ends the case right there. And we don't have to talk about anything else. Of course, I'm prepared and willing to talk about whether Georgia armed robbery fits the definition of a violent crime under 924E, and it does. No case that my colleague on the other side has cited, no case that we have found, has this court ever not found armed robbery to be a crime of violence. What about the fact that in Georgia, it says it can be violence to property or character? Well, that's a misinterpretation of the Georgia law. What the Georgia cases actually say is that the force has to be directed toward a person. And that force, let me see if I get this said right, force must be exerted on the victim by operating on the victim's fear of injury to the person, property, or character. So the force itself is still directed at the person. And it can play on the person's fears of property or character, although I agree with the implication of one of the court's questions that that seems to be kind of loose language. But at any rate, the courts, the Georgia courts have never enforced that statute in that way. And Maddox is no exception. So I think your counsel on the other side says, in her brief at least, that that interpretation is based on the 1970 statute in Hicks. So Hicks is interpreting the 1970 statute. And in the 1970 statute, you're correct. It says use of force against a person, basically, and places them in fear. And that's the same thing the Long case says from 1852. But so explain to me, do you think it remains consistent under the current statute itself? Well, that's a question I didn't consider, but I'm thinking about that. No, I don't think it does. The statute itself reads that the person commits the offense of armed robbery, when with the intent to commit theft, he or she takes property of another from the person or immediate presence of another by use of an offensive weapon. It says nothing about against property or character. So there's an argument to be made, although Maddox itself, which is the newer statute, based on the newer statute, does repeat that loose language about fear of not only personal injury, but injury to property or character. Again, the Georgia courts have never applied the armed robbery statute that way. Maddox is not an exception. The store owners fled out the back door for fear to his person, not to fear for his store or its contents. He left the store and its contents to the robbers. So Maddox does not stand for the proposition that this is a placing person in fear of injury to his property. The criminals were not going to use the shotgun to damage the victim's property. They were using the shotgun as force against the person to leave them alone to take what they wanted to take, which is quintessential robbery. So Maddox doesn't stand for that proposition. But I still think there's a big difference when the force itself is exerted on the victim. And that's the way those cases read, even though the force can play on the fears of personal injury and property and character is those, again, with that loose language. It doesn't actually say force against property as 924C would contemplate. So we're reading the statute on the other side. It's reading the statute incorrectly. But even with her incorrect interpretation or reading, Georgia courts have never even enforced it in that way either. It's always been classic robbery, taking from the presence of another. And I can go to the replica. Again, this court, if you use a weapon, that equals force. The replica language doesn't change the outcome here because 924E says use of force or the threat of force. So using a replica of a gun is the threat of force to the person. And that threat to that person is that if you don't give me what you want, I'm going to force you to and the force is going to be capable of overcoming your resistance. Now, it's a threat that he might not be able to carry out because of the gun. But the capable language in Stokely is capable of overcoming the resistance of the victim. And the bluff, if you will, the threat of force by using a replica accomplishes that very thing. I'm threatening to use force capable of overcoming your resistance. So this is armed robbery. This armed robbery should be treated no differently than every other armed robbery statute that this court, the Supreme Court, has considered. And the conclusion based on the cases, based on the statutory language, based on the case law from Georgia, all the components of the analysis lead to the conclusion that Georgia armed robbery is a violent crime under 924E. So this court should hold that the statute of limitations bars this claim. But even if the statute of limitations didn't bar this claim, on the merits, the claim fails. I'm happy to answer any other questions. If there are no questions, then the United States asks this court to affirm the district court. Thank you. Chapman, you may have your rebuttal. Thank you. Two points, Your Honor. First, the government belatedly attempts to make the argument that it did not make in its brief that amendment shouldn't be allowed here, as this court can afford, even if alleges can waive arguments when they choose not to brief them at all. But on the merits, that claim fails as well. Mr. Porter's ACCA claim concerns the exact same factor occurrence as his original petition describes. That key fact and occurrence that gave him the ability to challenge his sentence was Johnson's invalidation of the residual clause. And for that reason, his petition concerns the same factual occurrence and is able to relate that under mail. Second, force, as we discussed previously under the Georgia statute, includes force directed specifically at property. And that alone is enough. The statute doesn't say that, right? Sorry, you're correct. The case law. Thank you. The case law has been clear. So what about this language that your friend on the other side cites from Long and those cases where it does say use against force of violence against the person? It says when the code speaks of force, it means actual violence. And when it speaks of intimidation, it still means force, not act on direct. Now we're talking about intimidation, but exerted upon the person robbed by operating on his fears, the fear of injury to his person, property or character. So here, taking Maddox's example, he has a fear of force on himself and as a result of that, he's going to lose his property. So the use of force is against him. But his fears are the loss of property if he abandons it. My response, Your Honor, is that that's just simply different from the kind of force that the federal statute requires. What the federal statute with the 924E requires is a threat of force towards the person. And as Stokely made clear, the kinds of threats that we're talking about. The armed robbery says when the code speaks of force, it means actual violence against the person. And that's the Johnson. In Johnson, it says an offensive weapon be used as a concocted to taking which involves use of actual force or intimidation against the person. So, Your Honor, what I would say is that the addition that the Supreme Court has put on cases like Green, in cases like Maddox itself, that that applies not only to the person, as that language suggests that it does, but to threats that involve threats only to property. Maddox is a court of appeals case, right? Whereas Johnson is a Supreme Court case. And Johnson says it has to be use of force against another person. I believe that that's correct. But I would also point the court to other Supreme Court cases, including the ones the government states, including Green, that are other Georgia Supreme Court cases that suggest otherwise. I see I'm out of time. Thank you. We ask that the court reverse the decision below and remand for re-sentencing. Thank you. We appreciate very much the argument both of you have given. And Ms. Chapman, I know that you are appointed counsel for Mr. Porter. And we appreciate very much your very excellent representation of him and undertaking the advocacy on his behalf. Thank you. And with that, I believe we can adjourn court. And you can do whatever you need to do to put us in conference. Yes.